UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE COMPRESSION LABS, INC.
PATENT LITIGATION

No. M 05-01654 PJH

**ORDER RE FILING OF DOCUMENTS UNDER SEAL**

_____/

The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). See also Standing Order re Sealed or Confidential Documents. Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. Cf. Proposed Protective Order ¶ 16.

1    It is the responsibility of the party requesting the sealing order to demonstrate good
2 cause. The court will not grant a request based solely on the ground that the opposing party
3 has designated the document as confidential. Pursuant to Civ. L. R. 79-5(d), after the
4 requesting party has lodged the document under seal, the party that originally designated the
5 document as confidential must file within five days a declaration showing good cause for the
6 designation, or the document will be made part of the public record.
7    The court also will not adopt paragraph 17 of the parties' proposed protective order.
8 The use at trial of documents designated as confidential is governed by this court's Standing
9 Order re Sealed or Confidential Documents ¶ 5.
10    The parties shall revise and resubmit the proposed order in accordance with this order.
11    **IT IS SO ORDERED.**

12 Dated: July 1, 2005

13 _____
   PHYLLIS J. HAMILTON
   United States District Judge

United States District Court
For the Northern District of California

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COMPRESSION LABS, INC. PATENT LITIGATION | No. M 05-01654 PJH |
| | **ORDER RE FILING OF DOCUMENTS UNDER SEAL** |
| _____/ | |

The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). See also Standing Order re Sealed or Confidential Documents. Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. Cf. Proposed Protective Order ¶ 16.

It is the responsibility of the party requesting the sealing order to demonstrate good cause. The court will not grant a request based solely on the ground that the opposing party has designated the document as confidential. Pursuant to Civ. L. R. 79-5(d), after the requesting party has lodged the document under seal, the party that originally designated the document as confidential must file within five days a declaration showing good cause for the designation, or the document will be made part of the public record.

The court also will not adopt paragraph 17 of the parties' proposed protective order. The use at trial of documents designated as confidential is governed by this court's Standing Order re Sealed or Confidential Documents ¶ 5.

The parties shall revise and resubmit the proposed order in accordance with this order.

**IT IS SO ORDERED.**

Dated: July 1, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE COMPRESSION LABS, INC. PATENT LITIGATION

No. M 05-01654 PJH

**ORDER RE FILING OF DOCUMENTS UNDER SEAL**

_____/

The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). See also Standing Order re Sealed or Confidential Documents. Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. Cf. Proposed Protective Order ¶ 16.

1   It is the responsibility of the party requesting the sealing order to demonstrate good
2 cause. The court will not grant a request based solely on the ground that the opposing party
3 has designated the document as confidential. Pursuant to Civ. L. R. 79-5(d), after the
4 requesting party has lodged the document under seal, the party that originally designated the
5 document as confidential must file within five days a declaration showing good cause for the
6 designation, or the document will be made part of the public record.

7   The court also will not adopt paragraph 17 of the parties' proposed protective order.
8 The use at trial of documents designated as confidential is governed by this court's Standing
9 Order re Sealed or Confidential Documents ¶ 5.

10   The parties shall revise and resubmit the proposed order in accordance with this order.

11   **IT IS SO ORDERED.**

12 Dated: July 1, 2005

13 _____
PHYLLIS J. HAMILTON
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COMPRESSION LABS, INC. PATENT LITIGATION | No. M 05-01654 PJH |
| | **ORDER RE FILING OF DOCUMENTS UNDER SEAL** |
| _____/ | |

The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). See also Standing Order re Sealed or Confidential Documents. Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. Cf. Proposed Protective Order ¶ 16.

It is the responsibility of the party requesting the sealing order to demonstrate good cause. The court will not grant a request based solely on the ground that the opposing party has designated the document as confidential. Pursuant to Civ. L. R. 79-5(d), after the requesting party has lodged the document under seal, the party that originally designated the document as confidential must file within five days a declaration showing good cause for the designation, or the document will be made part of the public record.

The court also will not adopt paragraph 17 of the parties' proposed protective order. The use at trial of documents designated as confidential is governed by this court's Standing Order re Sealed or Confidential Documents ¶ 5.

The parties shall revise and resubmit the proposed order in accordance with this order.

**IT IS SO ORDERED.**

Dated: July 1, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE COMPRESSION LABS, INC. PATENT LITIGATION

No. M 05-01654 PJH

**ORDER RE FILING OF DOCUMENTS UNDER SEAL**

_____/

The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). See also Standing Order re Sealed or Confidential Documents. Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. Cf. Proposed Protective Order ¶ 16.

1   It is the responsibility of the party requesting the sealing order to demonstrate good
2 cause. The court will not grant a request based solely on the ground that the opposing party
3 has designated the document as confidential. Pursuant to Civ. L. R. 79-5(d), after the
4 requesting party has lodged the document under seal, the party that originally designated the
5 document as confidential must file within five days a declaration showing good cause for the
6 designation, or the document will be made part of the public record.
7   The court also will not adopt paragraph 17 of the parties' proposed protective order.
8 The use at trial of documents designated as confidential is governed by this court's Standing
9 Order re Sealed or Confidential Documents ¶ 5.
10   The parties shall revise and resubmit the proposed order in accordance with this order.
11   **IT IS SO ORDERED.**
12 Dated: July 1, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE COMPRESSION LABS, INC. PATENT LITIGATION

No. M 05-01654 PJH

**ORDER RE FILING OF DOCUMENTS UNDER SEAL**

_____/

The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). See also Standing Order re Sealed or Confidential Documents. Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. Cf. Proposed Protective Order ¶ 16.

It is the responsibility of the party requesting the sealing order to demonstrate good cause. The court will not grant a request based solely on the ground that the opposing party has designated the document as confidential. Pursuant to Civ. L. R. 79-5(d), after the requesting party has lodged the document under seal, the party that originally designated the document as confidential must file within five days a declaration showing good cause for the designation, or the document will be made part of the public record.

The court also will not adopt paragraph 17 of the parties' proposed protective order. The use at trial of documents designated as confidential is governed by this court's Standing Order re Sealed or Confidential Documents ¶ 5.

The parties shall revise and resubmit the proposed order in accordance with this order.

**IT IS SO ORDERED.**

Dated: July 1, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2