COUNSEL OF RECORD
LISTED ON SIGNATURE PAGE

**FILED**

NOV 2 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE COMPRESSION LABS, INC., PATENT LITIGATION | MDL Action No. M:05-CV-01654 JF |
| | **STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS** AND ORDER AS MODIFIED BY THE COURT |
| MICROSOFT CORPORATION, a Washington corporation, Plaintiff, vs. COMPRESSION LABS, INC., a Delaware corporation, and FORGENT NETWORKS, INC., a Delaware corporation Defendants. | Case No. CV-05-01567-JF **STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS** |

**STIPULATION TO ENTER PROTECTIVE ORDER
FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS.**

WHEREAS, the following cases have been transferred to this Court pursuant to 28 U.S.C. § 1407 for pretrial purposes, as set forth in the Multidistrict Litigation Panel Order dated February 16, 2005, or originally filed in this Court: *Compression Labs, Inc. v. Agfa Corp. et al.*, 2:04-CV-158 (E.D. Tex.) ("the *Agfa* case"); *Compression Labs, Inc. v. Dell Inc. et al.*, 2:04-CV-159 (E.D. Tex.) ("the *Dell* case"); *Compression Labs, Inc. v. Acer America Corp. et al.*, 2:04-CV-294 (E.D. Tex.) ("the *Acer* case"); *Compression Labs, Inc. v. Creo, Inc., et al.*, 2:04-CV-410 (E.D. Tex.) (the "*Creo* case"); *Agfa Corp. et al. v. Compression Labs, Inc., et al.*, C.A. No. 04-818 (D. Del.); *Yahoo! Inc. v. Compression Labs, Inc., et al.*, C.A. No. 07-918 (D. Del.); *Audiovox Corp. et al. v. Compression Labs, Inc. et al.*, C.A. No. 04-1293 (D. Del.); *Sun Microsystems, Inc. v. Compression Labs, Inc.*, Case No. 5:04-CV-3124 (N.D. Cal.); *Google Inc. v. Compression Labs, Inc. et al.*, Case No. 04-CV-3934 (N.D. Cal.); and *Microsoft Corporation v. Compression Labs, Inc. et al.*, Case No. 05-CV-01567 (N.D. Cal.) (individually, each an "MDL or Related Matter" and collectively, the "MDL And Related Matters");

WHEREAS, the Parties to the MDL And Related Matters pending before this Court have agreed to enter one, uniform protective order to be applied to all such matters during the proceedings before this Court as well as to proceedings after transfer of each MDL Or Related Matter back to the originating Courts for trial, if necessary (hereinafter, "the Court" refers to this Court or the originating Court for the MDL And Related Matters); and

WHEREAS, the parties to the *Agfa* case, the *Dell* case, and the *Acer* case previously agreed to a protective order which was entered in such actions (the "Texas Protective Order");

NOW, THEREFORE, the parties, by and through their respective counsel, having stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

1

SF1 1423424v.1

to protect the confidentiality of documents and other information obtained in the course of discovery in this Action, it is hereby ORDERED THAT:

1.    **SCOPE OF ORDER.** This Stipulation and Protective Order includes in its scope any documents, things and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed or filed in the above captioned *In re: Compression Labs, Inc. Patent Litigation*, M:05-CV-1654 (JF) or any individual MDL Or Related Matter described above (the "Action"), by or on behalf of any party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court or otherwise ("Litigation Material"). Nothing in this Order shall obligate any party or non-party to produce any Litigation Material to any other party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.

2.    **USE OF LITIGATION MATERIAL GENERALLY.** All Litigation Material designated or reflecting RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial and appeal of this Action, and for no other purpose, absent further order of the Court. However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

3.    **DEFINITIONS.**

    a.    "Party" or "Parties" shall mean any or all parties to this Action.

    b.    "Producing Party" shall mean a Party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action, in response to requests for production of documents, interrogatories, requests for

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

2

SF1 1423424v.1

admissions, depositions or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

c.　　"Receiving Party" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

d.　　THIS PARAGRAPH INTENTIONALLY LEFT BLANK.

e.　　"RESTRICTED INFORMATION" shall mean Litigation Material which reflects or contains any of the following: (i) confidential or proprietary technical or scientific information; (ii) confidential know-how; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information including without limitation business plans, manufacturing information, cost information or logistical information; (viii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (ix) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence.

f.　　"RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION" shall mean Litigation Material which reflects or contains any of the following: (i) licensing information, including without limitation license agreements and information regarding negotiations of such license agreements; (ii) technical specifications; (iii) trade secrets; (iv) confidential pricing and sales information; or (v) any information which affords Producing Party an actual or potential economic advantage over others.

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

3

SF1 1423424v.1

g.    "RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION" shall mean Litigation Material that constitutes or contains non-public source code for software or computer applications or hardware description language (HDL) code (or the equivalent) of the Producing Party or of any third-parties.

4.    **NUMBERING.** All documents and things produced and/or copies of documents and things produced in discovery in this Action shall be given unique production numbers by the Producing Party. Each Producing Party shall use a unique production number prefix to identify the Producing Party, as follows:

| Prefix | Producing Party |
|--------|-----------------|
| CLI | Compression Labs, Incorporated |
| GI | General Instruments, Inc. |
| MOT | Motorola, Incorporated |
| ACER | Acer America Corporation |
| AGFA | Agfa Corporation |
| APP | Apple Computer, Incorporated |
| BANC | Bantec, Incorporated |
| BENQ | BenQ America Corporation |
| CAN | Canon U.S.A., Inc. |
| CCC | Concord Camera Corporation |
| CLB | Creative Labs, Incorporated |
| CREO | Creo, Inc. and Creo Americas, Inc. |
| DELL | Dell Inc. |
| EKC | Eastman Kodak Company |

STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF
4

SF1 1423424v.1

| Prefix | Producing Party |
|--------|-----------------|
| FPF | Fuji Photo Film U.S.A. |
| FCP | Fujitsu Computer Products of America |
| GATE | Gateway, Incorporated |
| GOOG | Google, Incorporated |
| HPC | Hewlett-Packard Company |
| IBM | International Business Machines Corporation |
| JASC | JASC Software |
| JVC | JVC Americas Corp. |
| KWC | Kyocera Wireless Corporation |
| MS-CLI | Microsoft Corporation |
| MDE | Mitsubishi Digital Electronics America, Inc. |
| OCE | Oce North America |
| PALM | Palm, Inc. |
| PAN | Panasonic Corporation of North America |
| PCC | Panasonic Communications Corporation of America |
| PMC | Panasonic Mobil Communications Development Corporation of U.S.A. |
| RIC | Ricoh Corporation |
| RVDP | Riverdeep |
| SAV | Savin Corporation |
| SCAN | ScanSoft, Incorporated |
| SUN | Sun Microsystems, Inc. |

| Prefix | Producing Party |
|--------|-----------------|
| TIVO | TiVo, Incorporated |
| THOM | Thomson |
| TAI | Toshiba America, Inc. |
| TAIS | Toshiba America Information Systems, Inc. |
| TAEC | Toshiba America Electronic Components, Inc. |
| TACP | Toshiba America Consumer Products, L.L.P. |
| VEO | Veo, Incorporated |
| YAH | Yahoo! Inc. |
| XRX | Xerox Corporation |

5.    **DESIGNATION OF DOCUMENTS OR OTHER LITIGATION MATERIAL.** Any Party or non-party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as either:

a.    RESTRICTED INFORMATION, by placing on each page and each thing to which the designation applies a legend substantially as follows: "RESTRICTED INFORMATION SUBJECT TO PROTECTIVE ORDER," "RESTRICTED INFORMATION," or other similar designation; or

b.    RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, by placing on each page and each thing to which the designation applies a legend substantially as follows: "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION," "OUTSIDE COUNSEL ONLY," or other similar designation plainly indicating "Outside Counsel Only" Litigation Material.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

c.    RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, by placing on each page and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" or other similar designation plainly indicating "RESTRICTED SOURCE CODE OUTSIDE COUNSEL ONLY" Litigation Material.  Source code produced under the Texas Protective Order or the Patent Local Rules may be re-designated under this Protective Order as RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, except that the provisions of paragraph 31 shall apply only to RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION produced by Microsoft Corporation, Acer America Corporation, Apple Computer, Inc., Xerox Corporation, International Business Machines Corp., Hewlett-Packard Co., Mitsubishi Digital Electronics America, Inc., BenQ America Corporation, Eastman Kodak Co., Creo, Inc., Creo Americas Inc., Canon U.S.A., Inc., Jasc Software Inc., Gateway, Inc., Fuji Photo Film USA, Ricoh Corporation, Fujitsu Computer Products of America, Inc., Nuance Communications, Inc. (f/k/a ScanSoft, Inc.), Yahoo! Inc., Sun Microsystems, Inc., Palm, Inc., Panasonic Corporation of North America, Panasonic Communications Corporation of America, Panasonic Mobile Communications Development Corporation of U.S.A., and JVC Americas Corp. and any third parties requesting such protection.

A Producing Party designating Litigation Material as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION must have a good faith belief that the Litigation Material meets the definition of RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION as set forth in Paragraphs 3(e), 3(f), and 3(g), respectively. In the event the Producing Party elects to produce documents containing or

SF1 1423424v.1

reflecting RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION until designated otherwise at the time copies are delivered to Receiving Party.

6. **USE OF RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, AND RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.** RESTRICTED INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 7 herein, and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 8 herein, except that RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 11 and 12. Material designated RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION and any portion of any transcript or other paper that contains, reveals or refers to material so designated may only be disclosed, subject to the provisions of Paragraph 31, to SOURCE CODE QUALIFIED PERSONS, as defined in Paragraph 8, except in accordance with the provisions of Paragraphs 11 and 12. All RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, and RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION shall be carefully maintained by the Receiving Party in secure facilities and access to such RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY

SF1 1423424v.1

INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order.

7.      **QUALIFIED PERSONS.** QUALIFIED PERSONS as used herein shall include only the following:

a.      a Receiving Party's outside litigation counsel of record, and their regularly employed support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

b.      personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this Action;

c.      Qualified Consultants and Qualified Experts, as provided in Paragraph 10(b), and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

d.      the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

e.      up to five (5) Qualified Employees, as provided in Paragraph 10(a) herein.

8.      **SPECIALLY QUALIFIED PERSONS AND SOURCE CODE QUALIFIED PERSONS.** SPECIALLY QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 7(a)-7(d).    SOURCE CODE QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 7(a), 7(c), and 7(d), except that regularly employed support personnel referenced in paragraph 7(c) are not SOURCE CODE QUALIFIED PERSONS unless, notwithstanding the provisions of Paragraph 9(b), they become Qualified Consultants and Qualified Experts, as provided in Paragraph 10(b).

SF1 1423424v.1

9.     **AGREEMENT BY QUALIFIED PERSONS, SPECIALLY QUALIFIED PERSONS, AND SOURCE CODE QUALIFIED PERSONS.**

a.     Except as provided in Paragraphs 9(b) and 9(c), RESTRICTED INFORMATION shall not be made available to any QUALIFIED PERSON, as defined in Paragraph 7, nor shall RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION be made available to any SPECIALLY QUALIFIED PERSON, as defined in Paragraph 8, nor shall RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION be made available to any SOURCE CODE QUALIFIED PERSON, as defined in Paragraph 8, unless such QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON has first read this Stipulation and Protective Order and has agreed in writing (i) to be bound by the terms hereof, (ii) to maintain the confidentiality of the information and not to use or disclose the information to anyone other than as provided herein, and (iii) to utilize such information solely for the purpose of this Action (as evidenced by signing an Agreement to Abide By Protective Order, in the form set forth in Exhibit A, or B hereto, as appropriate).

b.     Support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) need not sign an Agreement to Abide By Protective Order if their supervisors have done so.  In addition, the assent to this Stipulation and Protective Order by counsel for a Party or non-party binds such counsel, his or her law firm, and support personnel employed by such law firm.

c.     The Court and other individuals set forth in Paragraph 7(d) need not sign an Agreement to Abide By Protective Order.

d.     Counsel for a Party obtaining an Agreement to Abide By Protective Order shall retain a copy of that Agreement during the course of this Action until the case involving that Counsel's client is terminated by judgment, dismissal or settlement.

SF1 1423424v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

e.     In the event that any QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON ceases to engage in the litigation of this Action, access by such person to RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION shall be terminated.   The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON.

10.     **APPROVAL OF PROPOSED QUALIFIED EMPLOYEES, QUALIFIED CONSULTANTS AND QUALIFIED EXPERTS.**

a.     An employee of a Party shall become a Qualified Employee as to a particular Producing Party and may receive the RESTRICTED INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Employee has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement has been served on the Producing Party; and (iii) the Producing Party has approved of the proposed Qualified Employee pursuant to Paragraph 10(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Employee may receive the RESTRICTED INFORMATION of the Producing Party.

b.     A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, and RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit B; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae (including a list of

SFI 1423424v.1

any known present or former relationships or engagements between the proposed Qualified Consultant or Qualified Expert and any Party or known competitor of a Party) have been served on the Producing Party; and (iii) the Producing Party has approved of the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 10(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Consultant or Qualified Expert may receive RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, and RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party. A proposed Qualified Consultant or Qualified Expert may only receive RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.   If Receiving Party wishes an already identified Qualified Consultant or Qualified Expert to receive RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, it must recomply with the provisions of this paragraph and identify the proposed Qualified Consultant or Qualified Expert as seeking access to RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION. A Qualified Consultant or Qualified Expert who has been approved by a Producing Party for access to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION pursuant to the Texas Protective Order shall continue to be a Qualified Consultant or Qualified Expert as to such Producing Party after entry of this Protective Order.

c.     A Producing Party shall have fourteen (14) calendar days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 10(a) or 10(b), plus three (3) additional calendar days if service is made by mail, to object to a proposed Qualified Employee, Qualified Consultant or Qualified Expert. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to object within the period referenced in this

STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF
12

SF1 1423424v.1

Paragraph shall constitute approval. If a written notice of objection is served, no RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party shall be disclosed to the proposed Qualified Employee, Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

      d.     The Party seeking to disclose RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION to the proposed Qualified Employee, Qualified Consultant or Qualified Expert bears the burden of seeking an order of the Court. The objecting Producing Party shall have the burden of demonstrating by a preponderance of the evidence why the proposed Qualified Employee, Qualified Consultant or Qualified Expert should not be permitted to receive RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.

      e.     The failure of a Producing Party to object to the receipt of its RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION and/or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 10(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION and/or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.

      11.    **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS.** Nothing herein shall prevent the disclosure of any RESTRICTED INFORMATION, RESTRICTED

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

13

SF1 1423424v.1

OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION to any of the following:

      a.    any current employee of the Producing Party;

      b.    any current employee of the Receiving Party if the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION; or

      c.    any former employee of the Receiving Party or Producing Party if the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.

SFI 1423424v.1

12.     **LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT DEPOSITION.** RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

a.     in the case of a document, it appears that the witness has previously seen or received the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copyee, or because the document comes from the files of the witness;

b.     the lawyer disclosing such RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION has a reasonable, good-faith belief based upon the witness' testimony or the testimony of other witnesses that the witness has had previous access to the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION;

c.     the Producing Party agrees in writing that the witness may have access to the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION for purposes of his or her testimony at trial and/or at deposition; or

d.     the witness is employed by or affiliated with the Producing Party. If the basis of the disclosure is (a) or (b) above, then immediately after the disclosure, the lawyer disclosing such RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY

INFORMATION must make an inquiry with respect to the witness's previous access to such information, and if it becomes apparent on such inquiry that the witness has not had previous access to the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, the item shall be withdrawn and no further inquiry regarding the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION shall be permitted. Any witness testifying at trial or at deposition or who provides an affidavit or certification, or their counsel, who receives RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

13.    **PRIOR PROTECTIVE ORDERS.**   Certain of the Parties have produced documents under the Texas Protective Order.  Except as may be otherwise provided herein, nothing in this Protective Order is intended to affect any protection the Texas Protective Order provides to information already produced.  Any party who produced documents under the Texas Protective Order or the Patent Local Rules may at its option re-designate such documents under this Protective Order by written notification to the Receiving Party and by providing the Receiving Party documents appropriately designated under this Protective Order, if the designations under this Protective Order differ from those currently appearing on the documents. This Protective Order shall govern the dissemination of Litigation Material produced after its entry and produced prior to its entry subject to Patent L.R. 2-2.

14.    **DESIGNATION OF DEPOSITION TESTIMONY.** A Party or non-party may designate information disclosed during a deposition as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE

SF1 1423424v.1

CODE – OUTSIDE COUNSEL ONLY INFORMATION by so indicating on the record at the deposition. A Party or non-party may also designate in writing, within thirty (30) calendar days of the receipt of the transcript (the "Designation Period"), that specific pages of the transcript be treated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION. Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION. When information contained or incorporated in a deposition transcript is designated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, arrangements shall be made with the court reporter by the party making the designation to label the relevant pages RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, as the case may be.

15. **ATTENDANCE AT DEPOSITIONS.** During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION may exclude from the room any person who is not a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON, or SOURCE CODE QUALIFIED PERSON, as appropriate under this Protective Order.

16. **FILING RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, AND RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.** Requests by any Party to file RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or

STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF
17

SF1 1423424v.1

RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION under seal shall be governed by Civil L.R. 79-5.

17. **USE OF RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, OR RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION AT TRIAL.** Nothing in this Protective Order shall prevent a Party from using any RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION at a hearing or at trial. The Parties may request that attendance at those portions of the hearing or trial, or access to the transcripts of those hearing or the trial, in which RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION is disclosed be restricted to court personnel and QUALIFIED PERSONS, SPECIALLY QUALIFIED PERSONS, or SOURCE CODE QUALIFIED PERSONS, as appropriate, pursuant to this Protective Order.

18. **PROCEDURE FOR POST-PRODUCTION DESIGNATION.** At any time prior to the final pretrial conference in this Action, a Producing Party may seek additional protection for previously produced Litigation Material by designating such Litigation Material as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION or changing the classification of any Litigation Material designated RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, by providing written notice to the recipients of such information; provided that no such recipient shall be bound by the terms of this Protective Order, or subject to liability for failure to comply with such terms, until receipt of such written notice. If Litigation Material was properly shown to a person who would not be entitled to see it as newly designated or

SF1 1423424v.1

redesignated, that person shall be advised that the Litigation Material has been designated or redesignated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

19.    **PROCEDURE FOR OBJECTION TO DESIGNATION.**

a.    At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or re-designation of any Litigation Material as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION by providing counsel for the Producing Party with written notice of the reasons for its objection. The Producing Party shall, within fourteen (14) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation. Within ten (10) calendar days thereafter, the parties shall confer in a good faith effort to resolve the matter. Failing such resolution, the Producing Party shall then have fourteen (14) calendar days from the final conference (the "Motion Period") to apply to the Court for a protective order.

b.    Notwithstanding any objection to the designation of Litigation Material as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, Litigation Material designated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the Litigation Material RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION changes or removes such designation in writing; (ii) the

SF1 1423424v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Producing Party fails to apply to the Court for a protective order before expiration of the Motion Period; or (iii) the Court orders the Producing Party to change or remove such designation.  If Litigation Material was properly shown to a person who would not be entitled to see it as reclassified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

c.       The designation of an item as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION may be challenged, among other reasons, because: (i) the information is or comes to be publicly disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, or (iii) the information is or comes to be otherwise known to the Parties without any breach of the confidentiality obligations hereunder. Any disclosure of RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION under this Protective Order shall not serve as a basis for challenging the RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION designation of the information in question.

d.       In any motion challenging whether an item is properly designated RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, the Producing Party has the burden of establishing that the item was properly designated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.

SF1 1423424v.1

e.      The failure of the Receiving Party to challenge the designation of any item as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

20.     **AVAILABILITY TO NON-PARTIES.** Any non-party, whether an individual or entity, from whom discovery is sought may obtain the protection of this Protective Order by written request to the party seeking such discovery.

21.     **NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

22.     **NO WAIVER.**

a.      Nothing in this Protective Order shall prejudice the right of any party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

b.      Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this Action.

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
21

SF1 1423424v.1

23.     **PARTIES' OWN INFORMATION.** Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things or information. Nor shall anything in this Protective Order prevent any Producing Party from disclosing its RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION to any person. Such disclosures shall not affect any designation of such documents as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

24.     **DISCLOSURES BEYOND PROTECTIVE ORDER.** Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Designating Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom RESTRICTED INFORMATION, or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the Designating Party and permits counsel for that party at least fourteen (14) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

25.     **INADVERTENT PRODUCTION OF PRIVILEGED LITIGATION MATERIAL.** The inadvertent production of Litigation Material which a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege or joint defense privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. A Party or non-

SF1 1423424v.1

party may request the return of any Inadvertently Produced Privileged Material. A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently produced and the basis for withholding such Litigation Material from production. If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in the custody of another party, such party shall within five (5) business days return to the requesting Party or non-party the Inadvertently Produced Privileged Material and destroy all copies thereof. The party or parties returning such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production. The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that: (i) the Litigation Material was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Litigation Material.

26.    **INADVERTENT DISCLOSURE OF RESTRICTED INFORMATION, OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, OR RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.**

a.    If any Litigation Material that a Party or non-party intends to designate as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION is inadvertently disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

b.    If any Litigation Material designated as RESTRICTED INFORMATION, or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION hereunder is disclosed, through

STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF
23

SF1 1423424v.1

inadvertence or otherwise, to a person or party other than a QUALIFIED PERSON, SPECIALLY QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON, as the case may be, then the party disclosing the information shall use its best efforts to bind such person or party to the terms of this Protective Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing party; (b) such person shall be identified immediately to the party that designated the Litigation Material as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION; and (c) the person to whom disclosure was made shall be requested to sign an Agreement to Abide By Protective Order in the form of Exhibit C hereto, which signed Agreement shall be served on the party that designated the Litigation Material as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION. Nothing in this paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

27. **RETURN OR DESTRUCTION OF RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, AND RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION UPON CONCLUSION OF THIS ACTION.**

a. At the conclusion of this Action, each party subject to the terms of this Protective Order shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing information designated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION within sixty (60) days of the conclusion of this Action, including notes made therefrom or summaries thereof. In lieu of returning Litigation Materials containing information designated as RESTRICTED

SF1 1423424v.1

INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, a party may destroy all such Litigation Material within sixty (60) days of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material, and that all such material has been destroyed to the best of its knowledge.

b.      Notwithstanding Paragraph 27(a), Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION of another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendix on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of trial transcripts and accompanying exhibits.

28.      **SURVIVAL OF OBLIGATIONS.**

a.      All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

b.      "Conclusion of this Action" shall mean all appeal periods have expired and any settlement or judgment has become final.

c.      For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons provided access to RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION under the terms of this Protective Order.

SF1 1423424v.1

29.     **VIOLATIONS SANCTIONABLE.** All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation ~~shall be subject to such sanctions as the Court on motion and after a hearing deems just.~~ *may be subject to a motion for sanctions.* RJ

30.     **RELIEF FROM PROTECTIVE ORDER.** Entry of this Protective Order shall be without prejudice to the application by any party or non-party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished or disclosed in the course of discovery in this Action.  The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

31.     **ADDITIONAL PROTECTIONS FOR RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.**   RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION shall be subject to the addition protection of this paragraph.

      a.     Nothing in this Protective Order shall obligate the parties to produce any source code, nor act as an admission that any particular source code is discoverable.

      b.     In the case of source code produced in non-electronic form, the following shall apply:

          1.   outside counsel of record for the receiving party shall maintain and store such material only at their offices or at any SOURCE CODE QUALIFIED PERSONS' home office and in a manner that prevents duplication or unauthorized access.  Others authorized to review source code under this Protective Order shall do so in such offices only;

          2.   Two non-electronic copies shall be produced to outside counsel of record for the requesting party;

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
26

SF1 1423424v.1

3.   No further paper copies of such source code shall be made and the source code shall not be transferred into any electronic format or onto any electronic media;

c.   In the case of source code produced in electronic form, the following shall apply:

1.   outside counsel for the receiving party shall maintain and store such material only at their offices or at any SOURCE CODE QUALIFIED PERSONS' home office and in a manner that prevents duplication or unauthorized access.  Others authorized to review source code under this Protective Order shall do so in such offices only;

2.   Two electronic copies shall be produced to outside counsel for the requesting party;

3.   Source code shall be accessed only on a non-networked computer;

4.   No copies, other than volatile copies necessarily made in the course of accessing the source code on the non-networked computer, shall be made. In particular, no copies shall be made to such computer's hard drive.

5.   Paper copies of source code shall be printed only if necessary and only the necessary portions of the source code shall be printed.  Each page of any such printed code shall be marked "RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY," or similar legend, and maintained in accordance with this Protective Order.

d.   All electronic media containing source code, any printed copies, and any source code in non-electronic form shall be kept in a secure location under lock and key.

e.   Any notes concerning such source code shall not be used to circumvent the restrictions in the above paragraphs against making copies of the source code.  Persons

STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF
27

SF1 1423424v.1

viewing the notes shall do so in a manner consistent with the restrictions on material designated RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.

f.      The receiving party shall maintain a log of all individuals who have accessed the code and make the log available for inspection at the request of the producing party. The log shall include the name of the person who accessed the material, a description of the code that was accessed (by description or bates range), and the date that the access was made.

g.      Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain material designated as RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  11 / 21 / 05

_____
United States Magistrate Judge Richard Seeborg

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

28

SF1 1423424v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

I hereby attest that I have on file a holograph signature for each conformed signature below to the foregoing Stipulation to Enter Protective Order for All Multidistrict Litigation and Related Matters where indicated by a "Conformed" signature within this e-filed document.

Dated:  November 17, 2005                     SIDLEY AUSTIN BROWN & WOOD LLP

By: /s/ Bryan K. Anderson

Bryan K. Anderson (SBN 170666)
SIDLEY AUSTIN BROWN & WOOD
LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Phone:  (415) 772-1200
Fax:  (415) 772-7400

Attorneys for Plaintiff
Microsoft Corporation

WE HEREBY CONSENT TO THE FORM AND ENTRY OF THE ABOVE ORDER:

Dated:  November 17, 2005

By          /s/ Martin H. Dodd

Respectfully submitted on behalf of Compression Labs, Inc., Forgent Networks, Inc. and General Instrument, Inc.

/s/ Donna Hill

Respectfully submitted on behalf of Sun Microsystems, Inc.

/s/ Ryan M. Kent

Respectfully submitted on behalf of Google Inc.

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

29

SFI 1423424v.1

1

2

3

/s/ David B. Weaver
Respectfully submitted on behalf of BancTec, Inc.

4

5

/s/ Brian Range
Respectfully submitted on behalf of Nuance

6

Communications, Inc. (f/k/a ScanSoft, Inc.)

7

8

/s/ Adam Hoffman
Respectfully submitted on behalf of TiVo, Inc.

9

10

/s/ Wes Mueller

11

Respectfully submitted on behalf of Agfa Corp.

12

13

/s/ David B. Weaver
Respectfully submitted on behalf of Dell Inc.

14

15

16

/s/ Trent Campione
Respectfully submitted on behalf of Gateway, Inc.

17

18

/s/ Danny Williams
Respectfully submitted on behalf of Hewlett-

19

Packard Co.

20

21

/s/ Joseph Casino
Respectfully submitted on behalf of JVC Americas

22

Corp.

23

24

/s/ Joseph Casino
Respectfully submitted on behalf of Panasonic

25

Corporation of North America, Panasonic
Communications Corporation of America, and

26

Panasonic Mobile Communications Development

27

Corporation of U.S.A.

28

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION**
**AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
30

1

2

3

/s/ Donald R. Harris
Respectfully submitted on behalf of Mitsubishi
Digital Electronics America, Inc.

4

5

6

/s/ Frederick H. Colen
Respectfully submitted on behalf of Oce North
America, Inc.,

7

8

/s/ Mark D. Flanagan
Respectfully submitted on behalf of Palm, Inc.

9

10

/s/ Martha J. Hopkins
Respectfully submitted on behalf of Ricoh Corp.

11

12

13

/s/ Peter E. Heuser
Respectfully submitted on behalf of Riverdeep,
Inc.

14

15

/s/ Martha J. Hopkins
Respectfully submitted on behalf of Savin Corp.

16

17

18

/s/ Andrew Price
Respectfully submitted on behalf of Thomson, Inc.

19

20

21

/s/ Mark C. Scarsi
Respectfully submitted on behalf of Apple
Computer, Inc.

22

23

24

/s/ Nicholas M. Cannella
Respectfully submitted on behalf of Canon U.S.A.,
Inc.

25

26

/s/ Kenneth W. Donnelly
Respectfully submitted on behalf of Eastman
Kodak Co.

27

28

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

31

1    /s/ Steve Routh

2    Respectfully submitted on behalf of Fuji Photo
     Film USA
3

4    /s/ Christopher E. Chalsen

5    Respectfully submitted on behalf of Fujitsu
     Computer Products of America, Inc.
6

7    /s/ Keith R. Hummel

8    Respectfully submitted on behalf of International
     Business Machines Corp.
9

10   /s/ Keith M. Sorge

11   Respectfully submitted on behalf of Jasc Software,
     Inc.
12

13   /s/ Lisa  Buccino

14   Respectfully submitted on behalf of Toshiba
     America Consumer Products, LLC, Toshiba
15   America, Inc., Toshiba America Electronic
     Components, Inc., and Toshiba America
16   Information Systems, Inc.

17
     /s/ James P. Bradley
18
     Respectfully submitted on behalf of Xerox
19   Corporation

20
     /s/ Donna Hill
21
     Respectfully submitted on behalf of Yahoo! Inc.
22

23   /s/ Amr O. Aly

     Respectfully submitted on behalf of Creo, Inc.,
24   and Creo Americas Inc.

25

26

27

28

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

32

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Lucas T. Elliot
Respectfully submitted on behalf of Acer America Corp.

/s/ Garner K. Weng
Respectfully submitted on behalf of BenQ America Corp.

/s/ Alan Schutzman
Respectfully submitted on behalf of Concord Camera Corp.

/s/ Alan Blankenheimer
Respectfully submitted on behalf of Creative Labs, Inc.

/s/ Robert Benson
Respectfully submitted on behalf of Kyocera Wireless Corp.

/s/ Douglas I. Lewis
Respectfully submitted on behalf of Microsoft Corporation

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**

33

SF1 1423424v.1

1

<u>EXHIBIT A</u>
Qualified Employee

2

3                **UNITED STATES DISTRICT COURT**

4             **NORTHERN DISTRICT OF CALIFORNIA**

5                    **SAN JOSE DIVISION**

6

| | |
|---|---|
| **IN RE COMPRESSION LABS, INC., PATENT LITIGATION** | **MDL Action No. M:05-CV-01654 JF** |
| **MICROSOFT CORPORATION,** vs. **COMPRESSION LABS, INC. and FORGENT NETWORKS, INC.** | **Case No. CV-05-01567-JF** |

7

8

9

10

11

12

13             <u>AGREEMENT TO ABIDE BY PROTECTIVE ORDER</u>

14         I, _____ being duly sworn, state

15 that:

16         1.    My address is _____

17 _____ .

18         2.    My present employer is _____ ,

19 and the address of my present employment is _____

20 _____ .

21         3.    My present occupation or job description is _____

22

23 _____

24 _____ .

25         4.    I hereby acknowledge that I have read the "Stipulation To Enter Protective

26 Order For All Multidistrict Litigation And Related Matters" ("PROTECTIVE ORDER") in the

27

28

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
**EXHIBIT A – AGREEMENT TO ABIDE BY PROTECTIVE ORDER**            1
SFI 1423424v.1

above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as RESTRICTED INFORMATION, but not RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION, in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any RESTRICTED INFORMATION or any notes containing or reflecting RESTRICTED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any RESTRICTED INFORMATION for any purpose other than directly associated with my duties in this litigation.

6. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting RESTRICTED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by said PROTECTIVE ORDER. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any RESTRICTED

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION**
**AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
**EXHIBIT A – AGREEMENT TO ABIDE BY PROTECTIVE ORDER** 2
SFI 1423424v.1

INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

        7.     I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date: _____

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE COMPRESSION LABS, INC., PATENT LITIGATION | MDL Action No. M:05-CV-01654 JF |
| MICROSOFT CORPORATION, vs. COMPRESSION LABS, INC. and FORGENT NETWORKS, INC. | Case No. CV-05-01567-JF |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ being

duly sworn, state that:

      1.    My address is _____

_____.

      2.    My present employer is _____,

and the address of my present employment is _____

_____.

      3.    My present occupation or job description is _____

_____

_____.

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
**EXHIBIT B – AGREEMENT TO ABIDE BY PROTECTIVE ORDER**                                              1
SF1 1423424v.1

4.     I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any party to the above-captioned action (the "Action") or any known competitor thereof.

5.     I hereby acknowledge that I have read the "Stipulation To Enter Protective Order For All Multidistrict Litigation And Related Matters" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.     I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION or any notes containing RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION for any purpose other than directly associated with my duties in this litigation.

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
**EXHIBIT B – AGREEMENT TO ABIDE BY PROTECTIVE ORDER**      2
SF1 1423424v.1

7.     I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting RESTRICTED INFORMATION RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I understand that material designated as or reflecting RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.  I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

1

8.     I understand that I shall be subject to the jurisdiction of the U.S. District

2

Court for the Northern District of California in any proceeding relating to my performance

3

under, compliance with, or violation of the PROTECTIVE ORDER.

4

Signature: _____

5

Date: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION
AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF
EXHIBIT B – AGREEMENT TO ABIDE BY PROTECTIVE ORDER**                    4
SF1 1423424v.1

<u>EXHIBIT C</u>
Inadvertent Production

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **IN RE COMPRESSION LABS, INC., PATENT LITIGATION** | **MDL Action No. M:05-CV-01654 JF** |
| **MICROSOFT CORPORATION,** <br> vs. <br> **COMPRESSION LABS, INC. and FORGENT NETWORKS, INC.** | **Case No. CV-05-01567-JF** |

<u>AGREEMENT TO ABIDE BY PROTECTIVE ORDER</u>

I, _____ being duly sworn, state that:

      1.    My address is _____

_____.

      2.    My present employer is _____,

and the address of my present employment is _____

_____.

      3.    My present occupation or job description is _____

_____

_____.

      4.    I represent non-party _____

_____.

5.      I hereby acknowledge that I have read the "Stipulation To Enter Protective Order For All Multidistrict Litigation And Related Matters" ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I received information designated as RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION in this Action, and certify my understanding that such information is subject to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION or any notes containing RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any RESTRICTED INFORMATION, RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or RESTRICTED SOURCE CODE – OUTSIDE COUNSEL ONLY INFORMATION for any purpose.

7.      I understand that all copies of any such materials are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

1               8.     I understand that I shall be subject to the jurisdiction of the U.S. District

2   Court for the Northern District of California in any proceeding relating to my performance

3   under, compliance with, or violation of the PROTECTIVE ORDER.

4   Signature: _____

5

6   Dated: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION TO ENTER PROTECTIVE ORDER FOR ALL MULTIDISTRICT LITIGATION AND RELATED MATTERS - CASE NOS. M:05-CV-01654-JF; CV-05-01567-JF**
**EXHIBIT C – AGREEMENT TO ABIDE BY PROTECTIVE ORDER**        3

SF1 1423424v.1